1   McGREGOR W. SCOTT
United States Attorney
2   KELLI L. TAYLOR
Assistant United States Attorney
3   501 I Street, Suite 10-100
Sacramento, California  95814
4   Telephone:   (916) 554-2741
Facsimile:    (916) 554-2900
5
Attorneys for Defendant
6   United States of America
7   SCOTT E. RUBRIGHT –SBN 122859
JOHN M. MURRAY – SBN 232419
8   MCCARTHY & RUBRIGHT, LLP
P.O. Box 190
9   Red Bluff, CA 96080
Telephone:   (530) 527-0213
10  Facsimile:    (530) 527-7641
11  Attorneys for Plaintiff
Garen Wimer
12
13
14              IN THE UNITED STATES DISTRICT COURT
15              EASTERN DISTRICT OF CALIFORNIA
16
17  GAREN WIMER,                          Case No. 2:08-CV-00055 LKK EFB
            Plaintiff,                     STIPULATION AND ORDER RE
18                                         PROTECTIVE ORDER
19      v.
20  UNITED STATES OF AMERICA; DANIEL
    D. EISZELLE, an individual; and STATE OF
21  CALIFORNIA DEPARTMENT OF
    TRANSPORTATION,
22
            Defendants.
23

24          Subject to the approval of the Court, the parties hereby stipulate to the following

25  protective order:

26          1.      In connection with discovery proceedings in this action, Plaintiff Garen Wimer

27  has requested that Defendant United States of America produce the personnel file of its

28

PDF created with pdfFactory trial version www.pdffactory.com

employee Daniel Eiszelle, which the parties agree contains sensitive and confidential personal information that should be treated as confidential. The United States of America also has requested that Wimer produce his Federal income tax returns. The United States and Wimer (the "Parties") agree that Wimer's tax returns contain sensitive and confidential financial information that is not generally known or available to the public. Although it is the United States' position that no federal privilege prohibits production of tax returns in discovery in federal court, the Parties agree that federal tax returns are considered confidential under federal law. See, e.g., 26 U.S.C. § 6103.

2.      Given the confidential nature of federal tax returns, Wimer is only agreeing to produce copies of the requested federal tax returns pursuant to the terms of this Stipulated Protective Order (hereinafter "Order"). Accordingly, Wimer agrees to produce true and correct copies of the federal tax returns he actually submitted to the Internal Revenue Service for the years requested; the United States agrees to accept such true and correct copies of the purposes of this litigation pursuant to the terms of this Order.

3.      Wimer's tax returns and all schedules thereto, and the personnel file of Daniel Eiszelle, shall be designated as "Confidential" under the terms of this Order. The parties may designate additional information as "Confidential" under the terms of this Order. Documents designated as Confidential under the terms of this Order shall be so designated by stamping copies of the documents produced with the legend "CONFIDENTIAL – SUBJECT TO COURT ORDER." Unless otherwise indicated by the producing party, stamping the legend "CONFIDENTIAL – SUBJECT OT COURT ORDER" on any electronic storage device, including CDs and DVDs, shall designate all information contained on the electronic storage device as confidential, and stamping the foregoing legend on the first page of any multipage document shall designate all pages of the document as confidential.

4.      "Confidential" information and any summaries, copies, abstracts, or other documents derived in whole or in part therefrom (hereinafter "Confidential Material") shall be used by the Parties only for the purpose of the prosecution or settlement of this action and for no

__Garen Wimer v. United States of America, et al., Case No. 2:08-CV-00055 LKK EFB__
Stipulation and Order Re Protective Order

2

PDF created with pdfFactory trial version www.pdffactory.com

other purpose.  The United States shall not disclose Confidential Material to any other defendant, nor shall it disclose Confidential Material to any agency or service of the United States or any employee or representative thereof.

5.     Testimony taken at a deposition, conference, hearing or trial concerning Confidential Material may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions "CONFIDENTIAL – SUBJECT TO COURT ORDER."  Separately bound portions of a transcript containing information designated as confidential shall be treated as Confidential Material under the terms of this Order.

6.     Subject to Paragraph 3 herein, Confidential Material produced pursuant to this Order may be disclosed or made available by the United States only to the Court, counsel for the United States (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated in subparts (a) through (e) immediately below:

(a)  An employee of the United States deemed necessary by counsel to aid in the prosecution or settlement of this action;

(b)  Experts or consultants (together with their clerical staff) retained by the United States to assist in the prosecution or settlement of this action;

(c)  Court reporter(s) employed in this action;

(d)  A witness at any deposition or other proceeding in this action; and

(e)  Any other person as to whom the parties in writing agree.

7.     Prior to receiving any Confidential Material, each "qualified person" described in the foregoing Paragraph 5, subparts (b), (c), or (e) shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each party.

/ / / /

**Garen Wimer v. United States of America, et al., Case No. 2:08-CV-00055 LKK EFB**
Stipulation and Order Re Protective Order

3

PDF created with pdfFactory trial version www.pdffactory.com

8.      Depositions in which Confidential Material is discussed, referenced, or used as an exhibit shall be taken only in the presence of "qualified persons."

9.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10.     If Confidential Material, including any portion of a deposition transcript designated as confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal.  Any party seeking to file Confidential Material with the Court shall comply with Local Rule 39-141.  The Confidential Material filed under seal will not be ordered unsealed.

11.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

12.     This Order shall be without prejudice to the right of either party to present a motion to the Court under FRCP 26(c) for a separate protective order or a modification to this Order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13.     The Parties are stipulating to this Order for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, of altering the confidentiality or confidential nature of any such document or information, or altering any existing obligation of any party or the absence thereof.

**Garen Wimer v. United States of America, et al., Case No. 2:08-CV-00055 LKK EFB**
Stipulation and Order Re Protective Order

4

PDF created with pdfFactory trial version www.pdffactory.com

14.     This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

15.     The United States stipulates and agrees that despite Wimer producing his federal tax returns and other Confidential Material, Wimer has not and is not waiving any objection relating to the United State's use of his federal tax returns or other Confidential Material, and is specifically not waiving any objections based on privilege, privacy, and admissibility.  The United States agrees that it will not assert that Wimer has waived any objections to the use of his federal tax returns or other Confidential Material by voluntarily providing such information to the United States.

SO STIPULATED

Dated:  August 26, 2008                     McGREGOR W. SCOTT
                                            United States Attorney


                              By:     _____/s/ Kelli L. Taylor_____
                                            KELLI L. TAYLOR
                                            Assistant U.S. Attorney

                                            Attorneys for Defendant
                                            United States of America




Dated:  August 26, 2008                     MCCARTHY & RUBRIGHT, LLP


                              By:     _____/s/  John M. Murray_____
                                            JOHN M. MURRAY

                                            Attorneys for Plaintiff

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

1

IT IS SO ORDERED.

2

DATED:  August 27, 2008.

3

4

5
LAWRENCE K. KARLTON
6
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**Garen Wimer v. United States of America, et al., Case No. 2:08-CV-00055 LKK EFB**</u>
Stipulation and Order Re Protective Order

6

PDF created with pdfFactory trial version www.pdffactory.com

EXHIBIT A

NONDISCLOSURE AGREEMENT


I, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the <u>Garen Wimer v. United States of America, et al.</u>, United States District Court for the Easter District of California, Civil Action No. 2:08-CV-00055 LKK EFB and hereby agree to comply with and be bound by the terms and conditions of said Order.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:

_____

**Garen Wimer v. United States of America, et al., Case No. 2:08-CV-00055 LKK EFB**
Stipulation and Order Re Protective Order

7

PDF created with pdfFactory trial version www.pdffactory.com