McGREGOR W. SCOTT
United States Attorney
KELLI L. TAYLOR
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
(916) 554-2741
(916) 554-2900 fax

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAREN WIMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; DANIEL D. EISZELLE, an individual; and STATE OF CALIFORNIA DEPARTMENT OF TRANSPORTATION<br><br>　　　　　Defendants. | No. 2:08-cv-00055-LKK-EFB<br><br>SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER |

　　　　It is hereby stipulated by and between Plaintiff Garen Wimer ("Plaintiff") and all named Federal Defendants, collectively referred to as the United States of America (with plaintiff, "the parties"), as follows:

　　　　1.  The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

　　　　2.  The United States agrees to pay the sum of thirty-five thousand dollars ($35,000.00) to Plaintiff, which is the amount Plaintiff represents and warrants is the actual costs he incurred in this litigation, and the thirty-five thousand dollar sum shall be in full settlement and

1  satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and
2  nature, arising from, and by reason of any and all known and unknown, foreseen and
3  unforeseen bodily and personal injuries; mental, emotional, psychological, or other alleged
4  injuries; damage to property and the consequence thereof, resulting, and to result, from the
5  subject matter of this action, including any claims for wrongful death, which plaintiff or his
6  guardians, heirs, executors, administrators, or assigns, and each of them, now have or may
7  hereafter acquire against the United States, its agents, servants, and employees.

8      3.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to
9  accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims,
10 demands, rights, and causes of action of whatsoever kind and nature, including claims for
11 wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and
12 unforeseen bodily and personal injuries, damage to property and the consequences thereof that
13 they may have or hereafter acquire against the United States, its agents, servants, and
14 employees on account of the same subject matter that gave rise to this action, including any
15 future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and
16 whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors,
17 administrators, or assigns further agree to reimburse, indemnify and hold harmless the United
18 States and its agents, servants and employees from and against any and all causes of action,
19 claims, liens, rights, or subrogated or contribution interests incident to or resulting from the
20 underlying incident, this action, further litigation or the prosecution of claims arising from the
21 subject matter of this action or for debts allegedly owed from this settlement.

22     4.  Plaintiff confirms that he has been represented by counsel of his choosing in this
23 lawsuit.  Plaintiff confirms that this agreement has been explained to him and he understands
24 its terms and conditions.  Plaintiff warrants and represents that he intends and understands that
25 this Stipulation shall release all existing and future claims arising directly or indirectly from the
26 acts or omissions that gave rise to the above-captioned action, including claims that are
27 unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of
28 California, which provides as follows:

>A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing [this] Release, which if known by him must have materially affected his settlement with the debtor.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, or employees, and it is specifically denied that they are liable to plaintiff. The federal defendants deny such liability and this settlement is entered into by them for the purpose of resolving disputed claims and avoiding the expenses of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of plaintiff.

7. Payment of the settlement amount will be made by check payable to plaintiff and his attorneys McCarthy & Rubright LLP. Plaintiff agrees to provide a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs and expenses.

8. The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation and that no assignment of rights has occurred.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

1      11. Each person executing this Stipulation represents that he or she has read and
2 understands its contents; that he or she executes this Stipulation voluntarily; that he or she has
3 not been influenced by any person acting on behalf of any party.
4      12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its
5 entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested
6 to enter this dismissal and release in the official docket.
7      13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that
8 Hon. Lawrence Karlton, District Judge, shall retain jurisdiction to enforce the terms of this
9 compromise settlement.

                                          Respectfully submitted,

                                          McGREGOR W. SCOTT
                                          United States Attorney

DATED: January 16, 2009          By:  /s/ Kelli L. Taylor
                                          KELLI L. TAYLOR
                                          Assistant United States Attorney
                                          for Federal Defendants/United States

DATED: January 13, 2009             /s/ Garen Wimer
                                          GAREN WIMER
                                          Plaintiff

**APPROVED AS TO FORM ONLY**

DATED: January 13, 2009          BY:  /s/ Scott Rubright
                                          SCOTT RUBRIGHT
                                          McCARTHY & RUBRIGHT LLP
                                          Attorneys for Plaintiff Garen Wimer

1 **ORDER**

2 IT IS SO ORDERED.

3
4 Date:   January 23, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT